NOT DESIGNATED FOR PUBLICATION

No. 121,210

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAMMELO H. BOATWRIGHT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed January 10, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Rammelo H. Boatwright appeals the district court's decision to revoke his probation and impose his underlying 71-month prison sentence. We granted Boatwright's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). After reviewing the record, we find that the district court did not abuse its discretion in revoking Boatwright's probation. We, therefore, affirm.

FACTUAL AND PROCEDURAL HISTORY

Boatwright entered a guilty plea to one count of aggravated robbery committed in September 2017. At Boatwright's sentencing hearing, the district court sentenced him to a

1

controlling term of 71 months in prison but granted his motion for a dispositional departure to probation for a term of 36 months.

Ten months later, the district court found that Boatwright violated his probation by using marijuana, failing to report to or absconding from supervision, and possessing a firearm as a convicted felon. The district court revoked Boatwright's probation and ordered him to serve his original 71-month sentence with the Kansas Department of Corrections. In doing so, the district court made a finding that intermediate sanctions were unnecessary under the circumstances because Boatwright absconded or committed a new crime. See K.S.A. 2018 Supp. 22-3716(c)(8). The district court also noted in comments from the bench that Boatwright was granted probation as a dispositional departure from a presumptive prison term. See K.S.A. 2018 Supp. 22-3716(c)(9)(B).

ANALYSIS

On appeal, Boatwright contends that the district court abused its discretion by revoking his probation and ordering him to serve his original prison sentence. However, Boatwright acknowledges that a district court has discretion to revoke probation upon a showing that a defendant violated the terms of probation, committed a new crime, or was granted probation as the result of a dispositional departure.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

2

The district court carefully considered Boatright's impassioned plea for continued probation.

"Mr. Boatwright, the evidence and arguments today for this Court are very similar to the evidence and arguments that were presented at your sentencing. And the Court used that information to depart from a presumed prison sentence in your case and that was over the State's objections, to place you on probation. The Court took a chance on you, gave you a golden opportunity that many people similarly situated, I believe, do not receive.

"Normally, at least for this judge, technical violations, I could consider those and overlook those sorts of things. You know, the marijuana usage, I remember from your case you have a long history of marijuana usage and using it at a young age. That's the kind of thing the Court does understand and took into consideration when it granted you probation in the case. So those sorts of things could—this Court could take into consideration in deciding whether you should be sent to prison or placed back probation.

"The thing the Court cannot stand though is failing to report, basically absconding from supervision and possessing a firearm. I mean, once again, I think we're back in the situation where I believe you're very lucky you're alive. You're a convicted felon in possession of a firearm. And I don't know what it's going to take to get the message through to you that you can't do those sorts of things. So I believe the Court has gone out on a limb here to give you a golden opportunity and you've squandered it is what's happened.

"I do think that—I appreciate everything the pastor has said here today, and I hope that you can be successful after serving time in this case. But punishment is what was presumed before the Court took a chance on you in authorizing you probation."

Boatwright admitted to committing a new crime while on probation. Additionally, he was granted probation as part of a dispositional departure from a presumptive prison term. Both of these circumstances allowed the judge to bypass intermediate sanctions. See K.S.A. 2018 Supp. 22-3716(c)(8) (offender committed new felony or absconded);

3

K.S.A. 2018 Supp. 22-3716(c)(9)(B) (probation originally granted as result of dispositional departure). After reviewing the record in this case, we find that the district court's decision to revoke Boatwright's probation was not arbitrary, fanciful, or unreasonable. The decision to revoke also was not based on an error of fact or law, nor does Boatwright allege it was. We have no trouble concluding that a reasonable person could agree with the district court's judgment here. We, therefore, affirm the district court's decision to revoke Boatwright's probation and impose his original prison sentence.

Affirmed.